**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

SEAN L. MYRICK,

    Petitioner,

v.                                                                            CASE NO: 8:08-cv-761-T-30MAP

SECRETARY, FLORIDA DEPARTMENT
OF CORRECTIONS, et al.,

    Respondents.
_____/

# **ORDER**

Sean L. Myrick, hereinafter referred to as "Petitioner," an inmate in the Florida penal system proceeding *pro se*, brings this petition for writ of habeas corpus pursuant to 28 U.S.C. §2254. (Dkt. #1). The Court has considered the petition, Respondents' response, (Dkt. #8), and Petitioner's reply, (Dkt. #13). Upon review, the Court determines that the petition must be denied because of failure to satisfy the prerequisites of §2254.

## **BACKGROUND**

On April 2, 2004, Petitioner was found guilty of burglary of a dwelling. (Dkt. #8 at 2). He was sentenced to thirty (30) years in prison as a habitual felony offender with a fifteen (15) year sentence running concurrently as a prison releasee reoffender. (Dkt. #1 at 2). Petitioner appealed, and on October 12, 2005, the state court affirmed without a written opinion. (Ex. #4).

Petitioner filed a motion for postconviction relief under Florida Rule of Criminal Procedure 3.850. (Ex. #6). The postconviction court denied relief, and the appellate court affirmed. (Ex. #10, 11, 13). Then, Petitioner filed a motion to correct illegal sentence under Florida Rule of Criminal Procedure 3.800(a), on April 17, 2008. (Ex. #16). The state court dismissed his motion as not being properly filed as a 3.800 motion, (Ex. #17), and the appellate court affirmed on December 5, 2008. *Myrick v. State*, 995 So. 2d 968 (Fla. 2d DCA 2008).

## **DISCUSSION**

On April 18, 2008, Petitioner filed this §2254 petition, asserting that his trial counsel was ineffective by:

1. failing to investigate, acquire, or depose medical personnel to present evidence relevant for the defense of his case;

2. causing to waive his right to testify by misadvising him that should he testify, the nature of his prior convictions would be introduced at trial;

3. failing to correctly inform Petitioner of all the sentencing options; and

4. failing to object to Petitioner's enhanced sentence as a prison releasee reoffender, in violation of the Sixth and Fourteenth Amendments to the U.S. Constitution.

Respondent contends (1) Petitioner's claims do not satisfy the prerequisites of §2254(a), (d), and (e), and (2) Petitioner's fourth claim is not exhausted as required under 28 U.S.C. §2254.

### A. Standard of Review:

Pursuant to 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), enacted and effective on April 24, 1996, "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws of the United States." 28 U.S.C. § 2254(a). "Federal courts are not forums in which to relitigate state trials." *Barefoot v. Estelle*, 463 U.S. 880, 887 (U.S. 1983).

Where a state court initially considers the issues raised in the petition and enters a decision on the merits, §2254(d) governs the review of those claims. *See Penry v. Johnson*, 532 U.S. 782, 792 (2001). An application for writ shall be granted only if (1) the state decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) the state decision was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). *See Price v. Vincent*, 538 U.S. 634, 638 (U.S. 2003); *Maharaj v. Sec'y for the Dep't of Corr.,* 432 F.3d 1292, 1308 (11th Cir. 2005).

The meaning of the "contrary to" and "unreasonable application" clauses was discussed by the Eleventh Circuit Court of Appeals in *Parker v. Head*, 244 F.3d 831, 835 (11th Cir. 2001):

> Under the "contrary to" clause, a federal court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Id.*

Section 2254 establishes a highly deferential standard for reviewing state court judgments. *Parker v. Sec'y for the Dep't of Corr.*, 331 F.3d 764, 768 (11th Cir. 2003). If the federal court concludes that the state court applied federal law incorrectly, habeas relief is appropriate only if that application was "objectively unreasonable." *Id.* *See also Yarborough v. Gentry*, 124 S.Ct. 1, 4 (2003). Moreover, Under § 2254(e) (1), a determination of a factual issue made by a state court shall be presumed to be correct, and the habeas petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. *See Parker*, 244 F.3d at 835-36. 28 U.S.C. §2254(e) (1).

**B. Ineffective Assistance of Counsel**:

All of Petitioner's grounds claim ineffective assistance of counsel. When alleging ineffective assistance of counsel, Petitioner must prove both that (1) counsel's performance was deficient and (2) that the defense was prejudiced by this deficiency. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Deficient performance is performance which is objectively unreasonable under prevailing social norms. *Id.* at 688. Prejudice results when there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "[T]he issue is not what is possible

or 'what is prudent or appropriate, but only what is constitutionally compelled.'" *Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000) (en banc) (quoting *Burger v. Kemp*, 483 U.S. 776 (1987).

"A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Strickland*, 466 U.S. at 689. "[C]ounsel cannot be adjudged incompetent for performing in a particular way in a case, as long as the approach taken 'might be considered sound trial strategy.'" *Chandler*, 218 F.3d at 1314 (quoting *Darden v. Wainwright*, 477 U.S. 168, 186 (1986)). "To overcome [the] presumption in favor of competence, the petitioner bears the heavy-but not insurmountable-burden of persuading the court 'that no competent counsel would have taken the action that his counsel did take.'" *Haliburton v. Sec'y for Dep't of Corr.*, 342 F.3d 1233, 1243 (11th Cir.2003) (quoting *Chandler*, 218 F.3d at 1314-15).

Petitioner's burden of establishing that his lawyer's deficient performance prejudiced his case is high. *Robinson v. Moore*, 300 F.3d 1320, 1343-44 (11th Cir. 2002). Under the prejudice prong of *Strickland*, it is not enough for the defendant to show the errors had some conceivable effect on the outcome of the proceeding. *Grayson v. Thompson*, 257 F.3d 1194, 1225 (11th Cir. 2001). Instead, the petitioner must show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Chandler*, 218 F.3d at 1312-13. This prejudice burden is heavy where the petitioner alleges ineffective assistance in failing to call a witness because "often allegations

of what a witness would have testified to are largely speculative." *United States v. Guerra*, 628 F.2d 410, 413 (5th Cir. 1980).

Finally, in applying *Strickland*, there is no reason for a court deciding an ineffective assistance claim to address both components of the inquiry if Petitioner makes an insufficient showing on one. *Strickland*, 466 U.S. at 697. Petitioner must show that the state court applied *Strickland* to the facts of his case in an objectively unreasonable manner. *Bell v. Cone*, 535 U.S. 685, 699 (2002).

### C. Petitioner's Claims:

Petitioner's first ground is that counsel was ineffective for not deposing medical witnesses, or investigating the defense of the Petitioner's state of mind, because prior head injuries caused Petitioner to have "amnesia" at the time of the crime. First, Petitioner identifies no specific witnesses or medical record that would support his claim of "amnesia." Second, this claim of "amnesia" is belied by Petitioner's statements made to police on the day of the incident.

The postconviction court held Petitioner's claim was without merit. (Ex. #10). The court found that counsel was not ineffective for failing to pursue a defense that completely contradicted Petitioner's unrefuted statements reflecting no mental or memory problems. (Ex. #10 at 3).

Petitioner fails to demonstrate that counsel's decision to not contradict unrefuted statements at trial was unreasonable. *See Brown v. Jones*, 255 F.3d 1273, 1278 (11th Cir.

2001) (holding that counsel's decision not to present evidence of drug and alcohol use and its effects upon defendant's mental state, in favor of a defense that he thought would be more favorable, was a reasonable tactical decision). "An attorney who makes a strategic choice to channel his investigation into fewer than all plausible lines of defense is effective so long as the assumptions upon which he bases his strategy are reasonable and his choices on the basis of those assumptions are reasonable." *Birt v. Montgomery*, 725 F.2d 587, 600 (11th Cir. 1984) (quoting *Washington v. Strickland*, 693 F.2d 1243, 1255 (5th Cir. Unit B 1982)).

There is no need for an evidentiary hearing on this claim. In order to be entitled to an evidentiary hearing, Petitioner would have to satisfy §2254(e)(2)(A)(i) or (ii), and (B). Petitioner's claim of temporary amnesia does not rely on facts that would be sufficient to establish by clear and convincing evidence that but for the constitutional error, no reasonable factfinder would have found Petitioner guilty of the burglary. §2254(e)(2)(B). *See also Vick v. United States,* 730 F.2d 707, 708-09 (11th Cir. Fla. 1984) (holding an evidentiary hearing on appellant's claim of ineffective assistance of trial counsel was not required where the claim was based on unsupported generalizations that were contradicted in the record).

In his second ground, Petitioner alleges that had he been properly advised by counsel, he would have testified to his head injury, temporary amnesia, and short term memory loss prior to the burglary, and this would show his confession to the officers was involuntary. Petitioner alleges that it was essential for the jury to hear his side of the story in order to challenge the evidence against him. Nevertheless, Petitioner's claim fails to show there was

clear and convincing evidence that but for counsel's advice not to testify, no reasonable factfinder would have found Petitioner guilty.

Petitioner had the chance to attack the validity of the confession at the suppression hearing. The state court held that Petitioner's confession was determined to be reliable when the court denied Petitioner's motion to suppress. Petitioner testified at the suppression hearing that he had a clear memory and recollection of what occurred between him and the police officers. (Ex. #10 at 3). As a result, Petitioner's anticipated trial testimony would have subjected him to impeachment with his own prior sworn testimony at the suppression hearing. (Ex. #10).

The right to testify is a fundamental constitutional right that is personal to a criminal defendant, and is not waived by counsel after counsel has advised the defendant not to testify and defendant did not protest. *See United States v. Teague*, 953 F.2d 1525, 1533 (11th Cir. 1992).

Petitioner's third ground alleges that counsel was ineffective for advising him to reject a plea offer by the State. In contrast to Petitioner's claim, the postconviction court found that it was the court, not the State, who announced the plea offer of fifteen years as a prison releasee reoffender. (Ex. #10 at 4). The court withdrew the offer and therefore, there was no offer for the Petitioner to reject. Petitioner does not allege any facts or evidence to substantiate his claim to overcome the presumption of correctness of the state court's factual findings in denying relief on this ground. 28 U.S.C. §2254(e)(1). Therefore, this claim will

be denied.

Petitioner's fourth ground alleges that counsel was ineffective by failing to object to Petitioner's enhanced sentence as a prison releasee reoffender, which he claims is in violation of the Sixth and Fourteenth Amendments to the U.S. Constitution. In state court, Petitioner raised this issue in a Motion to Correct Illegal Sentence, pursuant to Fla. R. Crim. P. 3.800(a). The post-conviction court dismissed the motion because it was essentially an ineffective assistance of counsel claim, and could not be raised pursuant to 3.800(a). Further, the state court held that it could not consider the motion under rule 3.850, as it lacked a sufficient oath. Petitioner did not thereafter refile it under oath as a 3.850 motion. Therefore, this issue has not been addressed by the state courts on the merits. It is not exhausted, and is procedurally barred. Petitioner is now foreclosed from exhausting this claim because the two-year limitation period within which to file a 3.850 motion has expired.

If this claim were not procedurally barred, it would fail on the merits. Petitioner claims counsel was ineffective by not objecting to his enhanced sentence. Petitioner cites to *Yisreal v. State*, 993 So. 2d 952, 953 (Fla. 2008) (holding that properly authenticated "Crime and Time Reports" issued by the Department of Corrections ("DOC") are admissible as public records, and DOC release-date letters, standing alone, constitute inadmissible hearsay). *Yisreal* was not decided at the time of Petitioner's sentencing, and counsel was not constitutionally required to anticipate the outcome of *Yisreal*. Prior to *Yisreal*, the Florida District Courts were split on this issue and there was no ruling in the District controlling the

area where Petitioner was tried. Reasonably effective representation cannot and does not include a requirement to make arguments based on predictions of how the law may develop. *Dubose v. United States*, 2007 U.S. App. LEXIS 400 (11th Cir. 2007) (citing *Spaziano v. Singletary*, 36 F.3d 1028, 1039 (11th Cir. 1994)). Therefore, under Petitioner's allegations, counsel's actions were not unreasonable applying the *Strickland* standard.

It is therefore ORDERED AND ADJUDGED that:

1. The petition for writ of habeas corpus (Dkt. #1) is DENIED.

2. The Clerk is directed to enter judgment in favor of Respondents and against the Petitioner, terminate any pending motions, and close this file.

**DONE** and **ORDERED** in Tampa, Florida on June 22, 2009.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies Furnished To**:
Counsel/Parties of Record

*F:\Docs\2008\08-cv-761.deny 2254.wpd*